UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TSUTOMU OZEKI, | ) No. CV 14-06097-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

considered Dr. Kim's Treating Opinion. (JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

## I

## THE ALJ DID NOT IMPERMISSIBLY REJECT THE OPINION

## OF TREATING PHYSICIAN DR. KIM

Treating physician Scott Kim, M.D., who works through AltaMed, completed a largely "check the box" form on October 15, 2013, in which Dr. Kim rendered various assessments concerning exertional and non-exertional limitations. (AR 839-843.)

Following the hearing before the ALJ on November 6, 2013 (AR 44-94), at which Plaintiff appeared with counsel, and testified, and testimony was also taken from a Vocational Expert ("VE"), and Medical Expert ("ME"), an unfavorable Decision ensued. (AR 21-31.)

Plaintiff disputes the ALJ's decision to outright reject Dr. Kim's assessment, as articulated in one paragraph of the Decision at AR 29.

Plaintiff generally contends that the ALJ's decision lacks the support of substantial evidence; and specifically, that the reasons for rejecting that opinion as articulated in the Decision do not pass muster either under controlling Regulations or Ninth Circuit case decisions which provide great specificity with regard to evaluation of the treating physician's opinion. The law is well known. The treating physician's opinion is typically entitled to greater weight than

opinions of examining or non-examining physicians, although in order to reject a treating physician's opinion which is contradicted by the opinion of another examining physician, an ALJ must articulate "specific and legitimate reasons supported by substantial evidence in the record for doing so." See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

The Court's role in evaluating whether the above-stated standards have been met must, first, be limited by what the ALJ in fact articulated in the Decision, and cannot be evaluated pursuant to a "post hoc" standard. Therefore, the Court will examine the stated reasons. These may be summarized as follows:

1. It is not possible to determine who completed the report or whether the individual was a medical doctor, because the printed name and signature are illegible;

2. The assessed physical capacity of less than sedentary work does not comport with the Plaintiff's admitted level of activities nor does it comport with the clinical findings from AltaMed;

3. Plaintiff did not allege adverse side effects from medications and admitted to compliance in later medical reports;

4. The totality of medical evidence indicates that Plaintiff has no significant mental limitations and can understand and remember and carry out simple and complex instructions. This is consistent with Plaintiff's advanced education including a college degree in Economics.

(AR 29.)

The Commissioner does not dispute that the ALJ erroneously cited as one reason for rejecting Dr. Kim's opinion that the questionnaire, referenced supra, was not in fact completed by Dr. Kim. Dr. Kim's signature appears on the document, and, as Plaintiff quite correctly notes, the ALJ was informed at the outset of the hearing that in fact it was Dr. Kim who completed the report. (See JS at 7, citing AR 48.)

The Court will next turn to the second reason articulated by the ALJ, that the assessed physical capacity of less than sedentary work does not comport with Plaintiff's admitted level of daily activities ("ADL"), nor does it comport with the clinical signs and findings from AltaMed. In determining whether this finding is supported by substantial evidence, the Court is mindful that it is the typical case that an ALJ is presented with conflicting or sometimes contradictory evidence from treating and examining physicians. It is the ALJ's duty to resolve any such conflict. That resolution, if it entails a rejection or depreciation of the opinion of the treating physician, must be supported by specific and legitimate reasons. This Court has been particularly vigilant in rejecting conclusory statements sometimes made by ALJs, who have rejected the opinion of treating physicians based on a generalized statement that the opinion or diagnosis of the treating physician does not comport with the medical evidence as a whole. Such a finding is essentially unreviewable if it does not specify particular medical evidence in the record. While Plaintiff in this case appears to argue that this is what occurred, the Court concludes that there is substantial citation in the Decision to medical evidence from AltaMed, which is Dr. Kim's facility. Indeed, as will be noted, much of Dr. Kim's own treatment notes contradict the opinions he ultimately provided in the questionnaire. For example, in

4

the questionnaire, Dr. Kim opined that Plaintiff suffered from diarrhea and significant side effects from medications, which include fatigue, insomnia, night sweats, and vivid dreams. (AR 840-41.) In Dr. Kim's clinical notes and findings from October 16, 2013, he specifically recorded that Plaintiff was negative for diarrhea, fatigue, night sweats, and insomnia, and that Plaintiff had made no record of complaining of vivid dreams. (AR 739.) The medical record also consistently and repeatedly records that Plaintiff did not suffer significant side effects from medications. (See AR at 357, 360, 364, 367, 371, 379, 383, 387, 395, 399, 405, 408, 510, 513, 516, 517, 520, 524, 532, 536, 540, 548, 556 and 559).

With regard to Plaintiff's ADL, his counsel cites from Plaintiff's testimony at the hearing that he has difficulty standing more than 15 minutes because he gets tired, and that walking more than a block without having to take a break is not possible. (AR 86.) Plaintiff's counsel also cites his client's testimony that he does not lift anything because he is aware of his limitations (id.); that he utilizes a walker 40 to 50% of the time; that he lives in a third floor apartment and needs the elevator to get to it; and that he only goes to the store when needed. (AR 91-92.) Plaintiff argues that these "admitted activities of daily living" are completely consistent with Dr. Kim's assessment. (JS at 8, citing Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Against this evidence, there is consistent reporting by Dr. Kim that Plaintiff exercised daily (see, e.g., AR 735, reflecting date of service of October 16, 2013). Supporting this is Dr. Kim's own report which noted that Plaintiff has a normal range of musculoskeletal motion, muscle strength and stability in all his extremities without pain on inspection. (AR 740.) Plaintiff also

admitted to various treating and examining physicians that he has a full range of ADL, including gardening without difficulty; using his computer; walking; exercising daily; attending gardening class three times a week; shopping; cooking, carrying bags of groceries; washing dishes; sweeping; vacuuming; and taking out the trash. (AR 28-29, 91-92, 681-82, 696-98, 719-20, 735-36.)

The ALJ found that Plaintiff lacked credibility. (AR 28-30.) Plaintiff does not challenge that finding; thus, Plaintiff's own description of the extent of his symptoms was not entitled to deference.

With regard to alleged side effects from medication, the Court has already addressed Plaintiff's claim that he suffers from night sweats and bad dreams (AR 88), which finds no support in any subjective complaints that Plaintiff made to any of his treating or examining doctors, thus lending support to the ALJ's conclusion that Plaintiff in fact did not allege adverse side effects from medications. In the event that Plaintiff's testimony constitutes such an allegation, the ALJ's credibility finding undermines that claim.

As to asserted mental limitations, the ALJ did rely upon a "totality of medical evidence" which indicates that Plaintiff has no significant mental limitations and can understand, remember, and carry out simple and complex instructions. Plaintiff contends that the ALJ's reliance on the fact that received a degree in Economics approximately 30 years before being diagnosed with HIV in 2007 undermines the ALJ's conclusions. The Court would agree that the fact that an individual might have received an advanced degree 30 or more years prior to an evaluation of his current mental status would not normally, in and of itself, constitute a sufficient reason to find that an individual does

6

not have mental limitations. Here, however, Dr. Kim's own evaluations indicate that Plaintiff had shown appropriate mood and affect, had normal insight, and exhibited normal judgment. (AR 740.) Plaintiff's assertion that his HIV virus contributed to limitations in his mental functioning is simply not borne out by the record, which indicates that the virus was under control. (AR 741.)

Finally, the ALJ did rely upon the opinion of a consultative examiner, Dr. Gerber, who found that Plaintiff could perform a range of light work. (AR 29-30, 681-686.) Plaintiff does not challenge the validity of the ALJ's reliance on Dr. Gerber's opinion, and the Court must therefore accept that the ALJ factored this into his evaluation of conflicting evidence, which was resolved by the ALJ stating his rationale, rather than simply picking one of two conflicting opinions without citing the reasoning behind that choice.

All in all, the Court cannot find that the ALJ failed to correctly discharge his functions in evaluating conflicting or contradictory evidence, and that the reasons behind the Decision, finding that Plaintiff is not disabled, were appropriately and correctly stated in the Decision, which comports with the requirements of both Social Security regulations and case law.

For the foregoing reasons, the Court finds that the Commissioner's Decision must be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: March 18, 2015                       /s/
                                      VICTOR B. KENTON
                                      UNITED STATES MAGISTRATE JUDGE